# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 15, 2011

Lyle W. Cayce
Clerk

No. 10-41158
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JOSE RAUL MARTINEZ ALVAREZ,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-434-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Raul Martinez Alvarez (Martinez) appeals the 51-month sentence imposed following his guilty plea conviction for illegal reentry of a deported alien. He argues that the government failed to establish the length of the sentence imposed for his prior Pennsylvania drug trafficking offense, and that the district court committed reversible error in assessing an offense level enhancement of 16 pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) and three criminal history points pursuant to U.S.S.G §§ 4A1.1(a) and 4A1.2(e)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's factual findings for clear error and conducts a de novo review of its application and interpretation of the Sentencing Guidelines. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). As the government concedes, the district court's finding as to the length of Martinez's prior drug trafficking offense in Pennsylvania is not supported by the record. The record shows that the Pennsylvania court imposed a sentence of "imprisonment of time served in the Allegheny County Jail" and "credit for time spent in the Texas Jail from 3/16/96"; however, the record does not support the court's finding that Martinez remained in a Texas jail for 14 months from March 16, 1996, to June 4, 1997.

We vacate the sentence imposed and remand for resentencing. In light of this ruling, we decline to anticipate what evidence the government will ultimately present at resentencing or how the district court will recalculate Martinez's guidelines range. We therefore express no opinion on whether a sentence of "time served" imposed in a Pennsylvania court can be an aggregate of the time Martinez spent in a Pennsylvania county jail and the time he spent in a Texas jail for an unrelated offense.

SENTENCE VACATED AND REMANDED.